UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DENNIS K. AVERY, et al., | ) | CASE NO. 5:11 CV 2729 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BANK OF NEW YORK, MELLON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |


On December 15, 2011,  *pro se* Plaintiffs Dennis K. Avery and Kim P. Avery filed this

action under 42 U.S.C. §§ 1982 and 1983 against Bank of New York, Mellon("Mellon"), Litton

Loan Servicing, LP ("Litton"), and MDF Financial Services ("MDF").  Plaintiffs seek to stop a

sheriff's sale of their property, scheduled for December 16, 2011,[1] on the grounds that Mellon

falsely represented the terms of a refinanced mortgage loan, Litton falsely represented its authority

to negotiate a loan workout plan on behalf of Mellon, and  MDF misrepresented a "money back

guarantee" to successfully negotiate a workout plan with Litton on Plaintiffs' behalf.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an

action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*,

183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The

---

[1]  See, *Bank of New York Mellon v. Avery*, Summit County Common Pleas Court Case No.
CV-2009-06-4556, at http://www.cpclerk.co.summit.oh.us/PublicSite/Home.aspx.

claims asserted in this action satisfy these criteria.

As an initial matter, this Court cannot vacate the Summit County Common Pleas Court judgment, nor enjoin the execution of its judgment.  United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court

2

judgment." *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing her

case in state court files suit in federal district court seeking redress for an injury allegedly caused

by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).

Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a

specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular

case as opposed to a general constitutional challenge to the state law applied  in the state action.

*Id.*

To the extent Plaintiffs claim there was not a proper legal basis for the foreclosure action

in state court, they are directly attacking the state court's decision.  Any review of the federal claims

asserted in this context would require the Court to review the specific issues addressed in the state

court proceedings.  This Court lacks subject matter jurisdiction to conduct such a review or grant

the relief  requested.  *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.   To the extent

Plaintiffs seek to litigate the foreclosure matter anew, they cannot proceed.  A federal court must

give a state court judgment the same preclusive effect it would have in the courts of the rendering

state.  28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002).  The

preclusive effect of the previous state court judgment is therefore governed by Ohio law on

preclusion.  *Id.*  Under Ohio law, an existing final judgment or decree is conclusive as to all claims

which were or might have been litigated in the first lawsuit.  *National Amusement, Inc. v.

Springdale*, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of *res judicata* requires a plaintiff to present

every ground for relief, or forever be barred from asserting it.  *Id.*  The purpose of this doctrine is

to promote the finality of judgments and thereby increase certainty, discourage multiple litigation,

and conserve judicial resources.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The Ohio court has already determined that the mortgage was valid.  This Court is bound to give full faith and credit to the decision of that court.  Plaintiffs are therefore barred by the doctrine of *res judicata* from litigating these questions again in federal court.

Accordingly, this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: December 23, 2011                              */s/ John R. Adams*
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE